FILED

2023 Feb-27  AM 09:16
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **DEANDRE R. MURRELL,** ] | |
| ] | |
| **Movant,** ] | |
| ] | |
| **v.** ] | **Case No.: 2:21-cv-08020-ACA** |
| ] | |
| **UNITED STATES OF AMERICA** ] | |
| ] | |
| **Respondent.** ] | |

## <u>MEMORANDUM OPINION</u>

Deandre R. Murrell, a federal prisoner, moves under 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. (Doc. 1). Because Mr. Murrell's § 2255 motion is time-barred, the court **WILL DENY** the motion.

### I.   BACKGROUND

In 2014, Mr. Murrell pleaded guilty to one count of conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846, and seven counts of using a communication device to facilitate a drug-trafficking crime, in violation of 21 U.S.C. § 843(b). *United States v. Murrell*, case no. 2:13-cr-140-ACA-JHE-5, doc. 288 at 1 (N.D. Ala. June 30, 2014).[1] Because Mr. Murrell had a previous conviction for possession/receipt of a controlled substance, the

---

[1] The court will cite documents from Mr. Murrell's criminal proceeding as "*Murrell* doc. __."

mandatory minimum sentence for the conspiracy count was increased from ten years to twenty years. (*Murrell* doc. 226); *see* 21 U.S.C. § 841(b)(1)(A) (2010). The court sentenced Mr. Murrell to 240 months' imprisonment on the conspiracy count and to concurrent forty-eight month sentences on the communication-device counts. (*Murrell* doc. 288 at 2).

The court entered the judgment on June 30, 2014. (*Id.* at 1). Mr. Murrell did not appeal. But on July 9, 2015, he moved under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence. (*Murrell* doc. 335). The court denied that motion. (*Murrell* doc. 366). On August 23, 2021, Mr. Murrell filed this § 2255 motion. (Doc. 1 at 4).

## II.    DISCUSSION

The government contends that Mr. Murrell's § 2255 motion is untimely because he filed it more than one year after his conviction became final. (Doc. 4 at 3–6). The court agrees.

The Antiterrorism and Effective Death Penalty Act provides a one-year statute of limitations to bring a § 2255 motion. 28 U.S.C. § 2255(f). The limitations period runs from the latest of four possible triggering dates. *Id.* The relevant triggering date in this case is "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1). "[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires." *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Here,

because Mr. Murrell did not appeal the judgment entered on June 30, 2014, his conviction became final fourteen days later, on July 14, 2014. *See* Fed. R. App. P. 4(b)(1)(A)(i) (2009). Mr. Murrell therefore had until July 14, 2015 to file a § 2255 motion. But he did not file his § 2255 motion until August 2021. (Doc. 1 at 4).

Mr. Murrell concedes he did not file his § 2255 motion within the limitations period. (*See* doc. 8 at 2). He argues, however, that he is entitled to equitable tolling of the limitations period because (1) he did not realize his trial counsel was ineffective until after the court denied his § 3582(c)(2) motion; (2) the COVID-19 pandemic made it impossible to draft a § 2255 motion; and (3) the enhancement of the statutory minimum sentence applicable to his offense amounts to a miscarriage of justice. (*Id.* at 3–6).

Equitable tolling is "an extraordinary remedy" that the court may permit "only sparingly." *Jones v. United States*, 304 F.3d 1035, 1038–39 (11th Cir. 2002). It is appropriate only when the movant can establish the existence of "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Id.* at 1039 (quotation marks omitted). None of the circumstances Mr. Murrell relies on satisfy that standard. Filing a § 3582(c)(2) motion does not toll the limitations period for a § 2255 motion. *Cf. id.* at 1041–42 (holding that a timely filed § 2255 motion that references a movant's intent to file a second § 2255 motion does not toll the limitations period for the second § 2255 motion). The COVID-19

3

pandemic began in 2020, years after Mr. Murrell's limitations period expired in 2015. And, to the extent a miscarriage of justice exception applies in the § 2255 context, such an exception would require Mr. Murrell to establish his actual innocence to the offense of conviction. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding, in the context of 28 U.S.C. § 2254, that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations," but cautioning courts that "tenable actual-innocence gateway pleas are rare" and to succeed on one, the petitioner would have to "persuade[ ] the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt") (quotation marks omitted).

Mr. Murrell's § 2255 motion is untimely and he has not satisfied the stringent requirements for equitable tolling. Accordingly, the court **WILL DENY** the § 2255 motion.

## III.  CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Cases requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Cases. The court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a

showing, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or "that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 338 (2003) (quotation marks omitted). This court finds that Mr. Murrell has not satisfied either standard. The court **WILL DENY** a certificate of appealability.

## IV.   CONCLUSION

The court **WILL DENY** Mr. Murrell's § 2255 motion and **WILL DENY** a certificate of appealability.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this February 27, 2023.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE